**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**LEODIS RANDLE**                                                                          **PLAINTIFF**

**v.**                                            **CASE NO. 4:26-CV-00067-BSM**

**BRENT EUBANKS**
*Circuit Court Judge*                                                                  **DEFENDANT**

**ORDER**

Leodis Randle's motion for leave to proceed in forma pauperis [Doc. No. 1] is

granted because he reports no income, homelessness, and several dependents.  Doc. No. 1;

Doc. No. 2, at 4; *see Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per

curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. §

1915(a)). Randle's motion for order [Doc. No. 3] is denied as moot. His motion to amend his

complaint [Doc. No. 4] is granted. Randle's amended complaint is subject to screening and

is dismissed without prejudice for failure to state a claim on which relief can be granted. 28

U.S.C. § 1915(e)(2).

Randle challenges a 2012 state court paternity decision resulting in a recent contempt

order resulting from almost $10,000 in arrearages for unpaid child support.  Doc. No. 4; *see*

*OCSE/State v. Randle*, 60DR-12-1526 (Pulaski County) (contempt order, Nov. 25, 2025).

Randle was temporarily jailed pending payment of a minimum sum.  *Id.*  While  jailed,

Randle says he suffered two seizures and claims he did not receive adequate medical care by

certain Pulaski County jailers.  Doc. No. 4 at 8.  He also claims that he was prevented from

filing grievances due to in-operational jail kiosks. *Id.* He asks that Judge Eubanks be enjoined from further "harming" or arresting him, and he seeks $21 million in damages.

Randle's claims fail for a number of reasons. Foremost, he cannot litigate paternity, custody, or child support matters in federal court. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). Second, any damages claims he has arising from his assertion that he was wrongly prosecuted or jailed is *Heck*-barred. *Heck v. Humphrey*, 512 U.S. 477, 586 (1994). Third, Judge Eubanks is entitled to absolute immunity. *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Finally, any conditions-of-confinement or access-to-courts claims Randle has concerning his time in the Pulaski County jail are impermissibly joined. Fed. R. Civ. P. 20.

Randle's amended complaint is dismissed for failure to state a claim. An *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 3rd day of March, 2026.

UNITED STATES DISTRICT JUDGE